1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 CASHMERE CAZEAU,                              CASE NO. CV-F-05-1004 REC DLB P

12                    Plaintiff,        _____ ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND
13

14          vs.

15 CHAVEZ, et al.,
                          Defendants.          [Doc. 1]
16 _____/

17

18          Plaintiff is a prisoner in federal custody at the United States Penitentiary at Atwater and is

19 proceeding pro se and in forma pauperis.  Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown</u>

20 <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for

21 violation of civil rights by federal actors.  Plaintiff filed the instant action on August 4, 2005.

22          A.      <u>Screening Standard</u>

23          The court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

25 must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26 or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

27 from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

28 filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

1

1  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

2  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

4  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

5  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

6  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

7  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

8  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

9  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

10  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11        B.     Summary of Plaintiff's Complaint

12        Plaintiff names Mr. Chavez, the Educational Supervisor as the only defendant in this action.

13  Plaintiff claims that on July 7, 2005, he filed an administrative grievance regarding the failure of

14  administrative staff to provide continuing educational programs in accordance with federal regulations.

15  Plaintiff alleges that defendant Chavez informed him that filing a grievance would be useless.  Plaintiff

16  contends Chavez' actions in interfering with the administrative grievance process were arbitrary,

17  malicious and in disregard for plaintiff's administrative and constitutional rights.

18        C.     Discussion

19        There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that

20  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."

21  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th

22  Cir.1988).   The non-existence of, or the failure of prison officials to properly implement, an

23  administrative appeals process within the prison system does not raise constitutional concerns.  Mann

24  v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also,  Buckley v. Barlow, 997 F.2d 494, 495 (8th

25  Cir.1993);  Flick v. Alba, 932 F.2d 728 (8th Cir.1991);  Azeez v. DeRobertis, 568 F.Supp. 8, 10

26  (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

27  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring

28  the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance

1  does not state a constitutional violation. Buckley, supra.

2      D.      Conclusion

3      After reviewing plaintiff's complaint, the court finds that the complaint does not contain any

4  claims for relief that are cognizable under Bivens.  The court will provide plaintiff with the opportunity

5  to amend his complaint.

6      Plaintiff is also advised that he must specifically link the named defendants to the actions or

7  omissions that plaintiff believes violated his constitutional rights.

8      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

9  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

10  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

11  files an amended complaint, the original pleading no longer serves any function in the case.  Therefore,

12  in an amended complaint, as in an original complaint, each claim and the involvement of each defendant

13  must be sufficiently alleged.

14      Based on the foregoing, it is HEREBY ORDERED that:

15      1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon

16              which relief may be granted;

17      2.      Within thirty (30) days from the date of service of this order, plaintiff shall file an

18              amended complaint bearing the caption "Amended Complaint;"

19      3.      The Clerk's Office shall send plaintiff a Bivens complaint form;

20      4.      If plaintiff fails to file an amended complaint, the court will recommend that this action

21              be dismissed, with prejudice, for failure to state a claim upon which relief may be

22              granted.

23      IT IS SO ORDERED.

24      **Dated:    May 2, 2006**                    **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3